Peelle, Ch. J.,
delivered the opinion of the court:
The defendants move to dismiss the case for want of jurisdiction, on the ground that the bill referred by the resolution of the United States Senate under section 14 of the act of March 3, 1887, is not a bill providing “ for the payment of a claim against the United States, legal or equitable,” and in support of their motion they rety on the case of Bellah (39 C. Cls. R., 396).
In that case the bill referred was one authorizing and directing the Secretary of War to cause to be investigated by the Quartermaster’s Department of the United States Army the alleged taking and use by the United States Army during the late civil war of certain personal property in the State of Georgia. The bill provided that “ when such investigation ivas completed, the Secretary of War shall report the result thereof with his recommendation thereon to Congress for action in the premises.”
The bill in that case may have been referred to the court by the oversight of some one. At all events, the court held that it was not such a bill as was contemplated might be referred by the statute, and refused to take j urisdiction.
But such is not the character of the bill referred in the present case. Here the bill purports to be a claim for the use and occupation of real estate in the city of New Orleans by the military forces of the United States from May, 1862, to the year 1866. The bill provides that the claim “be referred to the Court of Claims for adjudication under the provisions of section fourteen of the act of March third, *267 eighteen hundred and eighty-seven.” The court is, of course, without jurisdiction to adjudicate the claim to judgment, but the question is, May not the court. discharge the lesser judicial function — that is to say, may it not find the facts respecting the claim in accordance with the provisions of section 14 of the act under which the reference was made ?
The court will not undertake to prescribe for Congress a rule of pleading, or any particular form of language requisite for them to use in bills they may see fit to refer to the court.
If from the language of the bill referred the court can determine that a claim exists against the United States, legal or equitable, which Congress desires the court to investigate, to aid them in determining whether such claim should be paid, then the court will take jurisdiction and find the facts, even though the bill referred, as in the present case, does not in express terms provide “ for the payment- of a claim against the United States.”
The motion is overruled.