BaRNey, J.,
delivered the opinion of the court:
On December 4,1905, there was introduced in the House of Representatives a bill for the relief of the claimant, as follows:
“ Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That Edward Cahalan, of Saint Louis, Missouri, be, and he is hereby, authorized and empowered to bring suit in the Court of Claims, and said court is hereby authorized and empowered to hear and determine according to law and equity, the amount of compensation due the said Edward Cahalan for the use, damage, and detention of the steamer J. H. Diehey *281 by the United States authorities during the late war, and the court shall hear and consider the new testimony and any other proper testimony which may be offered at the trial by the claimant, and the testimony considered by the court in the original trial, as reported in the Sixth Court of Claims Reports, page four hundred and fifty-three, so far as the same may be applicable to the new trial, shall also be available.”
Thereafter, and during the same Congress, said bill, with all accompanying papers, was referred to this court for findings of fact under the act of March 3,1887, commonly known as the Tucker Act.
It is contended by the defendants that this court is without jurisdiction to make findings in this case under said reference, for the reason that the bill referred to does not come within the provisions of said act. Section 14 of the Tucker Act, under which the reference was made, provides:
“ That whenever any bill, except for a pension, shall be pending in either House of Congress, providing for the payment of a claim against the United States, legal or equitable, or for a grant, gift, or bounty to any person, the House in which such bill is pending may refer the same to the Court of Claims,” etc.
The foregoing section of the Tucker Act has frequently been before this court for consideration, and an inclination has been shown to give it a very liberal construction; but we do not feel disposed at this time to go any further in that direction. In order to come within the provisions of the act it must appear, inferentially at least, that some measure is pending before Congress involving the payment of some kind of a claim, grant, gift, or bounty, about which it desires information from this court to enable it to act with better discretion. (Bellah v. The United States, 39 C. Cls. R., 396; Leahy v. The United States, 41 C. Cls. R., 265.)
In the first of the cases referred to the bill was one authorizing the Secretary of War to investigate and report to Congress, and was evidently referred to the court by mistake. In the Leahy case cited the bill on its face expressly authorized the court to adjudicate the claim under section 14 of the Tucker Act, so that if the bill had become a law the court’s j)Ower would have been limited to finding the facts under said section 14. In the present case the bill is one authorizing the *282 claimant to bring suit in the Court of Claims for adjudication according to law and equity, i. <?., to determine whether he had a claim; so that had this bill become a law the court would have been authorized to render judgment for or against the claimant. It is not a claim or a bill for the payment of a claim, or for a grant, gift, or bounty pending in Congress. On the contrary, it is a bill to take the claim out of the domain of Congress and refer it to this court for final adjudication. The reference is in effect calling upon this court to exercise in advance the lesser judicial function of finding the facts in a case which, if the bill passes and becomes a law, later it will be called upon to “ hear and determine.” It is not seen how this exercise of such a function can possibly be of any assistance to Congress in the consideration of the bill in question.
We do not believe that the most liberal construction of the Tucker Act gives this court jurisdiction of the reference of such a bill, and hence the petition is dismissed.