Peelle, Ch. J.,
delivered the opinion of the court:
On March 2,1907, the United States Senate, by resolution, referred to the court, under the provisions of section 14 of the act of March 3,1887, commonly known as the Tucker Act, Senate bill No. 8563, second session of the Fifty-ninth Congress, in these words:
“A BILL For the relief of the State of Missouri.
“ Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That jurisdiction is hereby conferred upon the Court of Claims to examine the vouchers, papers, and all proofs and documents pertaining thereto, making up the claim of the State of Missouri, filed in the Treasury Department as the ‘ third installment, Missouri war claims,’ in eighteen hundred and seventy-four, and make its findings of fact and report to Congress what amounts, if any, may be due the State of Missouri for expenditures incurred or amounts assumed by said State for supplies furnished, or in raising, paying, and supplying troops to aid the United States in the suppression of the rebellion.
“ Sec. 2. That said court shall examine and report all the items of expenditures of the purchases made by the State for the purposes herein named, allowing only for disbursements made and amounts assumed by the State for enrolling, equipping, supplying, subsisting, and transporting and paying-such troops as were called into service by the governor at the request of the United States department commanders for the district of Missouri, or by the express order and consent or concurrence of such commanders, or which may have been employed or used in suppressing the rebellion in said State.
“ Sec. 3. That in the examination of the vouchers, proofs, and so forth, of said claims preparatory to making said finding and report, any party holding evidences of indebtedness, *329 script, or certificates therefor, or his or her duly authorized agent, may appear before said court for the purpose of submitting such evidence, proof, or documents pertaining thereto as may be found necessary to aid in making a full and complete report of the amounts which may be due on said vouchers, script, or certificates.”
The defendants move to dismiss for want of jurisdiction on the ground that the bill referred is not one providing for the payment of a claim, legal or equitable, against the United States, or for a grant, gift, or bounty.
The resolution is the medium or vehicle by which the bill is transmitted to the court, and performs no other office.
The section under which the reference is made prescribes the duty of the court in respect thereto, i. e., to find by judicial methods the facts respecting the claim for which the bill provides payment, if it does so provide.
The first question, therefore, that confronts the court is, Does the bill referred provide “ for the payment of a claim against the United States, legal or equitable, or for a grant, gift, or bounty to any person? ”
The language of the bill discloses the character of the claim, if claim it be. The bill does not provide for the payment of a claim of any kind; nor does it provide for a grant, gift, or bounty. Had the bill become a law the court’s jurisdiction thereunder would only have extended to the statement of account between the United States and the State of Missouri, i. e., the court would thereby have been authorized to audit the claim or state the account between the United States and the State of Missouri according to our view of the law, while under the Tucker Act the court is empowered "only to find the facts, leaving Congress to exercise their legislative judgment and discretion; that is to say, to make an appropriation to pay or refuse to pay, as they deem best.
The only question of law open to the court under the fourteenth section of the Tucker Act, aside from questions arising as to the competency and admissibility of evidence, is as to the court’s jurisdiction. Congress, by the language of the Tucker Act, authorizes either House to transmit to the court a pending bill providing for the payment of a claim against *330 the United States, legal or equitable, or for a grant, gift, or bounty. That done, the court is directed to find the facts.
The court, if it took jurisdiction under the reference, would of necessity have to rely upon the accounting officers of the Treasury, wherein the vouchers and papers are filed. In other words, the judicial power of the court is invoked to perform a duty which clearly rests with the accounting officers of the Treasury Department, and, too, under the reference of a bill which does not provide, as required by the. Tucker Act, for the payment of a claim of any kind against the United States or for a grant, gift, or bounty to any person.
In the Bellah case (39 C. Cls. R., 396) the court declined to take jurisdiction because the bill referred was one authorizing the Secretary of War to investigate through the Quartermaster’s Department the taking of certain salt works in Georgia and directing the Secretary to make his recommendations to Congress respecting the same.
In the Leahy case (41 C. Cls. R., 265) the bill referred was one looking to the adjudication by the court under section 14 of the Tucker Act of a claim for the use and occupation of real estate in Louisiana, and the court took jurisdiction because the bill on its face recited that the claim be referred “ for adjudication under the provisions of section 14 of the act of March 3, 1887.” That being so, the court held that it could perform the lesser function and find the facts, as authorized by said section.
In the case of Cahalan (42 C. Cls. R., 280) the court declined to take jurisdiction because the bill referred was one purporting to confer upon the court jurisdiction to determine the claim according to law and equity, and was not, therefore, a bill providing for the payment of a claim.
In the case of the White River Utes et al. (43 C. Cls. R., _) the bill referred was one directing the Secretary of the Treasury to adjust and pay all claims against the United States in their favor upon the administrative action of the Secretary of the Interior. The court declined to take jurisdiction on the ground that the bill did not provide for the payment of any definite sum, or of any sum whatever, unless something be found due by the Secretary of the Interior. *331 In other words, under that reference the court was asked to do what the Secretary of the Interior would have been required to do had the bill become a law.
This question of jurisdiction in Tucker Act cases has been repeatedly brought before the court and has caused not a little expenditure of time both on the part of the bar as well as on the part of the bench. With so many cases coming before the court for adjudication, presenting so many questions which must necessarily be decided, neither the bar nor the bench have time to waste in needless discussion. It must now be considered as settled that when a bill is referred by one of the Houses of Congress under section 14 of the Tucker Act it must be expressly and explicitly for a grant, gift, or bounty or for the payment of a claim, and nothing else, which claim must be legal or equitable. The only exception to this is the exception presented by the Leahy case, supra. The court upheld jurisdiction in that case because it was an exception only in form and not in substance. The bill provided that the claim should be referred to the court for adjudication under section 14 of this act, and that was but a roundabout way of saying that the claim intended to be referred was a legal or equitable one requiring no other solution than payment.
We are constrained to hold, following the decisions to which reference is made, that the court is without jurisdiction, and the motion to dismiss is therefore sustained and the petition dismissed. This opinion will be certified to Congress accordingly.